# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

JULIO DE LOS SANTOS BAUTISTA

  Petitioner

  v.   **CIVIL NO. 05-1299 (SEC)**

UNITED STATES OF AMERICA

  Respondent

## REPORT AND RECOMMENDATION

In his motion for postconviction relief pursuant to 28 U.S.C. § 2255 (Docket No. 1) petitioner claims that the Court committed *Apprendi* error because the facts underlying the enhancements to his sentence were neither found by a jury beyond a reasonable doubt, nor admitted by him. This argument is meritless, even assuming *Apprendi* is extended to Section 2255 proceedings.

Petitioner pled guilty to count one of the indictment in criminal case 03-309 (SEC), charging a violation to 8 U.S.C. § 1326 (a)(2)(B)(2), to wit, reentry after deportation. See change of plea transcript in 03-309 (SEC) (Docket No. 23). At the time of sentencing, because he was an aggravated fellon, the Court, pursuant to the Sentencing Guidelines, enhanced his offense level based on his prior conviction. See sentencing transcript in 03-309 (SEC) (Docket No. 22 at page 8).

Petitioner's claim that *Apprendi* applies to sentence enhancements based on prior convictions is bellied by the Supreme Court's ruling in said case. There, the Court held that any fact "*other than a prior conviction*" must be found by a jury. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); see also United States v. Moore, 286 F. 3d 47, 51 (1st Cir.), cert. denied, 537 U.S. 907 (2002). Here, thus, the Court did not commit *Apprendi* error.

**WHEREFORE**, the present case must be **DISMISSED**.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the

**CASE NO. 05-1299 (SEC)**                    2

Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

   **SO RECOMMENDED.**

   In San Juan, Puerto Rico, this 19th day of May, 2005.

*S/ Gustavo A. Gelpi*

**GUSTAVO A. GELPI**
United States Magistrate-Judge